JOHN F. BRIDGEMAN and LOIS A. BRIDGEMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bridgeman v. Commissioner
Docket No. 28207-81.
United States Tax Court
T.C. Memo 1984-368; 1984 Tax Ct. Memo LEXIS 301; 48 T.C.M. (CCH) 537; T.C.M. (RIA) 84368; July 19, 1984. *301 John E. Judge, for the petitioners. Valerie K. Liu, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined a deficiency of $1,218 in petitioners' Federal income tax for 1978. After concessions by petitioners, the only issue is whether petitioners are entitled to a residential energy credit under section 44C [1] for expenditures incurred in connection with the installation of a solar heating system for their swimming pool. The facts have been fully stipulated and are so found. Petitioners, John F. Bridgeman and Lois A. Bridgeman, resided in Laguna Niguel, Calif., when they filed their petition herein. In February 1978 petitioners paid $4,717 for a solar heating system which was installed on the roof of their home. Petitioners purchased the solar heating system for the purpose of providing hot water for their outdoor swimming pool. Based on their purchase of the solar heating system, petitioners claimed a residential energy credit in the amount of $1,163 on their 1978 return. In his notice of deficiency, *302 respondent disallowed petitioners' energy credit. The only issue is whether petitioners are entitled to a residential energy credit under section 44C for their expenditures incurred in connection with the installation of the solar heating system for their swimming pool. Section 44C(a) provides that: In the case of an individual, there shall be allowed as a credit against the tax imposed by this chapter for the taxable year an amount equal to the sum of-- (1) the qualified energy conservation expenditures, plus (2) the qualified renewable energy source expenditures. The parties agree that petitioners' expenditures incurred in installing the solar heating system do not constitute "energy conservation expenditures." Thus, resolution of the issue herein depends on whether petitioners' installation expenditures constitute "renewable energy source expenditures." Section 44C(c)(2)(C) specifically provides that "[t]he term 'renewable energy source expenditure' does not include any expenditure properly allocable to a swimming pool used as an energy storage medium or to any other energy storage medium which has a primary function other than the function of such storage." Petitioners' *303 sole contention is that section 44C(c)(2)(C) only excludes from the definition of "renewable energy source expenditure" expenditures allocable to a swimming pool if the swimming pool is used as an energy storage medium. We, however, disagree with petitioners' interpretation of this section. We believe that section 44C(c)(2)(C) excludes from the definition of "renewable energy source expenditure" all expenditures allocable to a swimming pool even when the swimming pool is used as an energy storage medium if its primary function is other than the storage of energy. Our interpretation of this section is supported by the legislative history and the regulations. See S. Rept. No. 95-529 (1978), 1978-3 C.B. (Vol. 2), 199 at 232; sec. 1.44C-2(b), Income Tax Regs.
Thus, since the primary function of petitioners' swimming pool was swimming and not the storage of energy, petitioners' installation expenditures incurred for the solar heating system do not qualify as "renewable energy source expenditures" under section 44C(c)(2). Accordingly, petitiopners are not entitled to a residential energy credit under section 44C(c) for those expenditures. To reflect the foregoing, *304 Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩